CLERKS OFFICE U.S. DIST. COURT
LYNCHBURG, VA
FILED
March 12, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ B. McAbee
       DEPUTY CLERK

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
### LYNCHBURG DIVISION

| | |
|---|---|
| SHAKHNOZA KANEV,<br><br>                            *Plaintiff,*<br>v.<br><br>REBEC VINEYARDS CORP.,<br><br>                            *Defendant.* | CASE NO. 6:25-CV-00074<br><br>MEMORANDUM OPINION AND ORDER<br><br>JUDGE NORMAN K. MOON |

Plaintiff Shakhnoza Kanev, who is proceeding *pro se*, filed a multi-count complaint against her husband's company, Rebec Vineyards Corp. She alleges violations of Title VII, the Americans with Disabilities Act ("ADA"), the Equal Pay Act ("EPA"), and the Fair Labor Standards Act ("FLSA") and asserts common law fraud. *See* Dkt. 1. The gist of her case is that she worked from "August 2013 through August 2024" for the winery but was "never paid a regular salary." *Id.* at 1–2.

Rather than paying the $405 filing fee, she sought to proceed *in forma pauperis*. *See* Dkt. 2. The Court granted her motion and must now conduct an initial screening of her complaint.[1] *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006). If the Court determines her allegations of poverty are untrue or that her complaint fails to state a claim, the Court must *sua sponte* dismiss the complaint. *See* 28 U.S.C. § 1915(e). For the reasons that follow, Plaintiff's claims must be dismissed.

---

[1] The Court granted Plaintiff's IFP motion before fully appreciating the extent of Plaintiff's assets. However, given this disposition of the case, the Court will not revisit its IFP decision.

I.   **LEGAL STANDARDS**

Section 1915(e) permits district courts to, on their own motion, dismiss *in forma pauperis* complaints where: (1) the allegations of poverty are untrue, or (2) the claims are frivolous, malicious, or fail to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B); *Michau v. Charleston Cty.*, 434 F.3d 725, 728 (4th Cir. 2006). This procedural vehicle is governed by the same standard as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Minter v. Clarke*, 2022 WL 4537904, at *3 (E.D. Va. Sep. 12, 2022) (comparing standards).

To survive this stage, a plaintiff's complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A court must accept a plaintiff's factual allegations as true and must draw all reasonable inferences in the plaintiff's favor. *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty.*, 684 F.3d 462, 467 (4th Cir. 2012). Although a complaint "does not need detailed factual allegations," a plaintiff must provide "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action" in order to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

II.   **DISCUSSION**

As a preliminary matter, this Court always retained jurisdiction over Plaintiff's case. The parties had consented to the jurisdiction of the Magistrate Judge; however, Plaintiff later filed a document purporting to withdraw that consent. Dkts. 9, 11. Regardless, while "§ 636(c) allows for the jurisdiction of a magistrate judge with the parties' consent; it does not require a magistrate judge to conduct the proceedings nor divest the district judge of jurisdiction to rule dispositively." *Jordan v. Sukowaty*, 2024 WL 4942264, at *2 (7th Cir. Dec. 3, 2024). Accordingly, this Court will exercise its authority to rule "dispositively."

A. **28 U.S.C. § 1915(e)(2)(B)**

Section 1915(e)(2)(B) allows the Court to "dismiss the case at any time if the court determines that the action fails to state a claim on which relief may be granted." Because Plaintiff's threadbare complaint contravenes the pleading standard set forth in *Twombly* and *Iqbal*, her claims must be dismissed.

   1. **Title VII Sex Discrimination**

In Title VII pay-disparity cases, a plaintiff must establish "(1) she is a member of a protected class, (2) she was performing her job satisfactorily, (3) an adverse employment action occurred, and (4) the circumstances suggest an unlawfully discriminatory motive." *Noonan v. Consol. Shoe Co., Inc.*, 84 F.4th 566, 572 (4th Cir. 2023). Generally, the circumstance that "suggest[s] an unlawfully discriminatory motive," is the existence of a male comparator who is paid more based on the virtue of his sex. *Id.*

To support her Title VII sex discrimination claim, Plaintiff only alleges that "Defendant failed to pay [her] equal wages, treated her less favorably than male employees, and exploited her labor." Dkt. 1 at 2. This conclusory statement fails to identify factual circumstances that suggest Plaintiff was discriminated against based on her sex. Moreover, Plaintiff fails to identify when any instance of discrimination took place.[2] And finally, even assuming Plaintiff established an employment relationship with Rebec Vineyard, her allegations do not show she was performing her job "satisfactorily." Accordingly, Plaintiff simply has not pleaded enough facts to raise an inference of sex discrimination under Title VII.

---

[2]    As discussed below, there are no facts in the complaint to show that Plaintiff complied with Title VII's timeliness requirements. *Infra* (II)(A)(9).

3

### 2. ADA Discrimination and Failure to Accommodate

To plead disability discrimination, an employee must allege that: (1) she was a qualified individual with a disability; (2) she suffered an adverse employment action; (3) she was fulfilling her employer's legitimate expectations at the time of discharge; and (4) the circumstances of the adverse employment action raise a reasonable inference of unlawful discrimination. *See Turner v. Wal-Mart Assocs., Inc.*, 2025 WL 2049054, at *1 (4th Cir. July 22, 2025); *see also Reynolds v. Am. Nat. Red Cross*, 701 F.3d 143, 150 (4th Cir. 2012). Likewise, to establish a *prima facie* case for failure to accommodate, a plaintiff must show: (1) she was an individual who had a disability within the meaning of the statute; (2) the employer had notice of her disability; (3) with reasonable accommodation she could perform the essential functions of the position; and (4) the employer refused to make such accommodations. *See Wilson v. Dollar Gen. Corp.*, 717 F.3d 337, 345 (4th Cir. 2013).

Plaintiff's only allegation in support of her ADA claims is that "Defendant knew Plaintiff's medical conditions but failed to provide accommodations, forced her into hazardous work, and used her disability to justify denying pay." Dkt. 1 at 2. Again, this mere legal conclusion with no supporting facts cannot make out the elements of an ADA discrimination or failure to accommodate claim. For example, Plaintiff makes no effort to show what type of accommodation she requested. She also identifies nothing to show she was fulfilling her employer's expectations or that she could perform the essential functions of her position with an accommodation. Moreover, she does not show that the adverse employment action—*i.e.*, being paid less—arose because of her disability as opposed to her status as the owner's wife. Therefore, based on the complaint as written, Plaintiff has not stated a claim for disability discrimination.

### 3. Title VII and ADA Retaliation

To sufficiently plead Title VII or ADA retaliation, a plaintiff must show: (i) "[she] engaged in protected activity," (ii) "[her employer] took adverse action against [her]," and (iii) "that a causal relationship existed between the protected activity and the adverse employment activity." *Foster v. Univ. of Maryland-E. Shore*, 787 F.3d 243, 250 (4th Cir. 2015). Here, Plaintiff only alleges that "[a]fter [she] requested wages, financial transparency, and accommodations, Defendant retaliated by filing false trespass charges, seeking a protective order, and blocking access to the workplace and financial reports." Dkt. 1 at 2.

Plaintiff does not allege any facts that would show a causal connection between the protected activity—*i.e.*, reporting discrimination or requesting accommodations—and any adverse employment action. In fact, Plaintiff attaches exhibits to her complaint showing that her husband sought a protective order and filed trespassing charges after she entered his residence, rifled through his belongings and confronted him about seeing another woman. Dkt. 1-1 at 13–20. Therefore, Plaintiff's own complaint demonstrates that the alleged "retaliatory acts" stemmed from a marital dispute and had nothing to do with Plaintiff's work at Rebec Vineyards. Accordingly, she has not adequately pled Title VII or ADA retaliation.

### 4. Equal Pay Act

To establish an EPA claim, the plaintiff "must make an initial [] showing of three elements: (1) the [employer] paid higher wages to an employee of the opposite sex who (2) performed equal work on jobs requiring equal skill, effort, and responsibility (3) under similar working conditions." Polak v. *Virginia Dep't of Env't Quality*, 57 F.4th 426, 429–30 (4th Cir. 2023). Plaintiff alleges that she "performed substantially equal work to male comparators but was denied equal compensation." Dkt. 1 at 2. Again, this conclusory allegation does nothing to show that a male,

5

who worked under similar conditions and performed a job with equal skill, effort, and responsibility, was paid more than Plaintiff. Without more factual support, Plaintiff's EPA claim also fails as a matter of law.

### 5. FSLA

To establish a violation of the FLSA's minimum wage provision, a plaintiff must show that (1) she was employed by Defendant; (2) she was engaged in commerce or in the production of goods for commerce; (3) she was not compensated for all hours worked during each workweek at a rate equal to or greater than the then-applicable minimum wage; and (4) none of the exemptions in 29 U.S.C. § 213 applied to Plaintiff's position." *Perez v. Saldivar & Assocs., Inc.*, 2017 WL 4681812, at *2 (E.D. Va. Sept. 27, 2017) (citing 29 U.S.C. § 206). Likewise, to establish a violation of the FLSA's maximum hours provision, a plaintiff must show that (1) she was employed by Defendant; (2) she was engaged in commerce or in the production of goods for commerce; (3) she worked more than 40 hours per workweek; (4) she was not compensated at a rate of 1.5 times her regular rate for each hour worked longer than 40 hours for each workweek; and (5) none of the exemptions in 29 U.S.C. § 213 applied to Plaintiff's positions. *Id.* (citing 29 U.S.C. § 207). To support her FLSA minimum wage and maximum hour claims, Plaintiff only alleges that "Defendant failed to pay minimum wage, overtime, and lawfully required compensation," Dkt. 1 at 2, and that she worked "full-time" from "August 2013 to August 2024" and "was never paid a regular salary." *Id.* at 1–2. At the very least, Plaintiff's allegations fail to demonstrate that she was engaged in interstate commerce and that none of the exemptions in 29 U.S.C. § 213 apply to her. Therefore, on these grounds alone, her FLSA claims are facially deficient.

### 6. Fraud

Common law fraud requires proof of "(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance thereon by the party misled, and (6) resulting damage to the party misled." *See Owens v. DRS Auto. Fantomworks, Inc.*, 288 Va. 489, 497 (Va. 2014). Plaintiff alleges "Defendant misled Plaintiff regarding wages, retirement, SSDI, and dependent benefits, intentionally depriving her and her child of earned income." Dkt. 1 at 2.

However, "in alleging fraud ..., a party must state with particularity the circumstances constituting fraud.... malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). To satisfy Rule 9(b), a plaintiff must "at a minimum, describe the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Murphy v. Capella Educ. Co.*, 589 F. App'x 646, 652 (4th Cir. 2014) (citing Fed. R. Civ. P. 9(b)). In other words, Plaintiff must allege the "who, what, when, where, and how of the alleged fraud." *Id.* Plaintiff's conclusory statement fails to plead the who, what, when, where, and how with any particularity. Consequently, her fraud claim must be dismissed.

### 7. Plaintiff fails to establish Title VII's and the ADA's numerosity requirement or the FLSA's individual or enterprise liability requirement

As an alternative ground for dismissing most of her federal claims, Plaintiff fails to allege Rebec Vineyard's number of employees or the nature and scope of its business. Both Title VII and the ADA have employer size requirements. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006) (requirement that employer must employee at least 15 employees is an element of every Title VII claim); *Bittle-Lindsey v. Seegars Fence Co., Inc.*, 2022 WL 1566770, at *1 (4th Cir. May 18, 2022) ("This fifteen-employee numerosity requirement is a threshold element of an ADA claim.").

7

Because Plaintiff failed to allege that Rebec Vineyards has 15 or more employees, her Title VII and ADA claims fail as a matter of law.

Likewise, the FLSA only applies to employees who are engaged in interstate commerce or who are employed by an "enterprise" that has employees engaged in interstate commerce and has revenues exceeding $500,000 per year. 29 U.S.C. § 203(s)(1)(A), § 203(a). Because Plaintiff fails to allege she worked on goods that were shipped in interstate commerce or that Rebec Vineyards engaged in interstate commerce and earned more than $500,000 per year, she has failed to plead a required element of an FLSA claim. *See Velasquez v. Salsas & Beer Rest., Inc.*, 735 F. App'x 807, 810 (4th Cir. 2018) ("enterprise or individual coverage is a 'requisite' for FLSA coverage").

In sum, Plaintiff's failure to plead facts establishing Title VII's and the ADA's numerosity requirement or the FLSA's enterprise or individual coverage requirement serves as an alternative basis for dismissing her Title VII, ADA, and FLSA claims.

### 8. Plaintiff Generally Fails to Establish that She is an Employee

Yet another reason for dismissing her claims is that Plaintiff never establishes she is an employee. *See Clackamas Gastroenterology Assocs., P. C. v. Wells*, 538 U.S. 440, 451 (2003) (outlining the test for defining an "employee" for the purpose of the ADA); *Steelman v. Hirsch*, 473 F.3d 124 (4th Cir. 2007) (holding that romantic partners who worked in a shared family business did not have an employer-employee relationship under the FLSA). If she and her husband own Rebec Vineyards Corp., exercise control over the company, and/or jointly support themselves through the business's proceeds, Plaintiff would not be considered an employee under Title VII, the ADA, the EPA, or the FLSA and would be ineligible for relief. *Id.* This is yet another reason to dismiss her complaint.

### 9. Plaintiff's Claims Appear to be Time-Barred

Finally, Plaintiff voluntarily alleges that she began receiving Social Security disability benefits in 2019. Dkt. 1 at 1. Yet, curiously, she claims to have continued working "full-time" through August 2024. *Id.*

For the purposes of this Order, the Court will assume Plaintiff was mistaken and that she ceased working in 2019 when she began receiving Social Security disability benefits. Otherwise, her attempt to work and be paid while simultaneously receiving Social Security disability benefits could be construed as a federal crime. *See United States v. Phythian*, 529 F.3d 807, 812 (8th Cir.2008) (to prove Social Security disability fraud, the government must prove that the recipient "(1) knew of an event affecting [her] right to receive or to continue to receive benefits, (2) knowingly concealed or failed to disclose the event to the SSA, and (3) did so with the intent fraudulently to secure payment of Social Security disability benefits in an amount greater than [she] was due) (citing 42 U.S.C. § 408(a)(4)). The Court will construe the allegations as if Plaintiff acted lawfully at all times and, therefore, did not work full-time while also receiving disability benefits.

Given the inference that Plaintiff behaved lawfully, all of Plaintiff's claims are untimely. Under Title VII and the ADA, a person must file her EEOC charge within 180 days of each alleged discrete act of discrimination. *See* 42 U.S.C. § 2000e-5(e)(1) and (f)(1), 12117(a); 29 U.S.C. § 626(d)(1)–(3); *see also Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109–15 (2002) (discussing Title VII's timing requirements); *Sydnor v. Fairfax Cnty., Va.*, 681 F.3d 591, 593 (4th Cir. 2012) ("the ADA incorporates [Title VII's] enforcement procedures."). Plaintiff did not file her EEOC charge until June 26, 2025. Dkt. 1-1 at 1–3. Therefore, regardless of whether her

employment ceased in 2019 (when she began receiving disability benefits) or in August 2024 (as she alleged), her Title VII and ADA charges were filed well beyond the 180-day deadline.

As for the EPA and the FLSA, an aggrieved employee must commence suit within two years of the cause of action accruing, except that a cause of action arising out of a willful violation may be commenced within three years of the cause of action accruing. 29 U.S.C. § 255(a); *see also E.E.O.C. v. State of Del. Dep't of Health & Soc. Servs.*, 865 F.2d 1408, 1418 (3d Cir. 1989) ("The Equal Pay Act is a part of the FLSA and the same statute of limitations is applicable."). Here, Plaintiff filed suit in September 2025. Therefore, any unlawful conduct that took place before September 2023 (or September 2022 for willful violations) would be time-barred. Because the Court will assume Plaintiff stopped working in 2019, her EPA and FLSA claims are untimely.

Finally, "every action for damages resulting from fraud[ ] shall be brought within two years after the cause of action accrues." *Parker-Smith v. Sto Corp.*, 262 Va. 432, 438, n.5 (Va. 2001) (citing Virginia Code § 8.01–243(A)). Therefore, any fraud claim that accrued before September 2023 would be time-barred. Again, because the Court will assume that Plaintiff's employment-related claims accrued before 2019 when she began receiving Social Security disability benefits, her fraud claims are also untimely.

### III. CONCLUSION

For these reasons, Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e).

The Clerk shall terminate any pending motions, close this case, and mail a copy of this Memorandum Opinion and Order to Plaintiff at her last known address.

Entered this 12th day of March, 2026.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

10